THE VILLAGE OF BOLINGBROOK, Plaintiff-Appellant and Cross-Appellee, v. CITIZENS UTILITIES COMPANY OF ILLINOIS, Defendant-Appellee and Cross-Appellant.

Third District    No. 3—94—0198

Opinion filed October 27, 1994.

Norma J. Guess and George A. Marchetti, both of Moss & Bloomberg, Ltd., of Bolingbrook (Barry L. Moss, of counsel), for appellant.

Thomas R. Wilson, of Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet, and Lee N. Abrams and Michele Odorizzi, both of Mayer, Brown & Platt, of Chicago (Stephen J. Mattson, of counsel), for appellee.

JUSTICE BRESLIN delivered the opinion of the court:
Both parties appeal from the judgment of the circuit court dismissing the condemnation action filed by the plaintiff, Village of Bolingbrook (Village), against the defendant, Citizens Utilities Company (Citizens). We hold that the Village was required to seek approval from the Illinois Commerce Commission before condemning Citizens' waterworks and affirm the judgment of the trial court on that basis.
Both the Village and Citizens own and operate combined water

and sewerage systems in or around the municipal limits of the Village. In May 1991 the Village passed an ordinance authorizing the acquisition of Citizens' waterworks by eminent domain. The Village offered Citizens approximately $2.8 million for the property. Citizens rejected that offer.

Without further negotiations, the Village filed the instant suit. Citizens moved to traverse and dismiss. After hearing the arguments of counsel, the trial court dismissed the Village's petition. Although the court ruled on all the other issues raised by the parties, it declined to determine whether the Village was required to seek the approval of the ICC before proceeding with condemnation. The court stated that "[r]esolution of this conflict is best left to the appellate court to resolve."

Since we find that the issue of ICC approval is determinative of the outcome in this case, we will confine our discussion to that issue alone.

A primary rule of statutory construction is that a court must give the language of the statute its plain and ordinary meaning. (*Henry v. St. John's Hospital* (1990), 138 Ill. 2d 533, 563 N.E.2d 410.) Statutes authorizing the taking of property through eminent domain are in derogation of individual rights and must be strictly construed. (*Illinois Cities Water Co. v. City of Mt. Vernon* (1957), 11 Ill. 2d 547, 144 N.E.2d 729.) Legislation by a municipality is valid only when it is authorized by statute, and such statutes are strictly construed against the municipality. *Ross v. City of Geneva* (1978), 71 Ill. 2d 27, 373 N.E.2d 1342.

Section 11—130—1 of the Municipal Code authorizes municipalities to purchase a waterworks. (65 ILCS 5/11—130—1 (West 1992).) When that purchase is by way of eminent domain, the municipality must follow the procedures outlined in article VII of the Code of Civil Procedure (Code) (735 ILCS 5/7—101 *et seq.* (West 1992)). (65 ILCS 5/11—130—9 (West 1992).) Section 7—102 of the Code provides that "[n]o property *** belonging to a *** public utility subject to the jurisdiction of the [ICC] may be taken *** pursuant to the provisions of Article VII *** without the prior approval of the [ICC]." 735 ILCS 5/7—102 (West 1992).

■ There is no question that Citizens is a public utility subject to ICC jurisdiction. Further, there is no question that the only property sought to be acquired by the Village was Citizens' waterworks. The complaint, the authorizing ordinance, the Village's letter to Citizens, each mentions only Citizens' waterworks. Moreover, there is no question that the Village neither sought nor obtained the approval of the ICC before beginning condemnation proceedings. A strict

construction of the plain meaning of the statutory language, however, reveals that ICC approval is mandatory for the purchase of a waterworks. Therefore, we hold that the Village was required to seek ICC approval before proceeding with the condemnation action against Citizens.

The Village contends that it was authorized to proceed according to section 11—139—12 of the Illinois Municipal Code (65 ILCS 5/11—139—12 (West 1992)) because it operates a combined water and sewerage system. It argues that it is the kind of system currently being operated by the municipality and not the kind of system being acquired that determines under which section the municipality must proceed. We find no basis in the statute for such an interpretation.

■ Section 11—139—12 allows a municipality to use the power of eminent domain to acquire, construct, extend or improve any combined waterworks and sewerage system. (65 ILCS 5/11—139—12 (West 1992).) However, in the instant case, the Village is not seeking to "acquire" a combined system. It wants only Citizens' waterworks. Likewise, the Village is not seeking to "construct" a combined system. Nor is the Village seeking to "extend" or "improve" its combined system because it is only the waterworks that will be extended or improved, not the combination waterworks-sewerage system.

The Village argues further that the second paragraph of section 11—139—12 alludes to valuation of a portion of an existing combined water and sewerage system (65 ILCS 5/11—139—12 (West 1992)), so, therefore, the statute must allow the kind of condemnation proposed by the Village. We disagree. The first paragraph clearly contemplates the acquisition of a combined system. Therefore, the allusion to a portion of a combined system in the second paragraph must mean a geographic area served by the combined system and not the waterworks alone. Taking the waterworks alone means that the system is no longer combined.

Inasmuch as the failure to obtain ICC approval before proceeding with the condemnation action is itself a sufficient basis for the dismissal of the Village's action, we need not reach the other issues raised in the appeal and cross-appeal.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

LYTTON and STOUDER, JJ., concur.